IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR., )
)
       Plaintiff, )
)
v. ) 1:20CV1159
)
SHERIFF CLARENCE F. BIRKHEAD, )
et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former pretrial detainee in the Durham County Detention Facility, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     Plaintiff's claims are unclear and, for the most part, not connected to the named Defendants. The Complaint names Durham County Sheriff Clarence F. Birkhead, the Durham County Detention Facility, Durham County Deputies Waldon and McFalls, Officer Campbell, Chief Prignano, Senior Officer D. Faison, E. Bazemore, Sergeant Holly, Mompoint Saint, Lieutenant McQuig, Lieutenant Sudden, and Officer McDougle as Defendants. The Complaint contains general allegations that Plaintiff's legal mail was improperly withheld and that he did not receive an absentee voting ballot. However, the Complaint does not tie these allegations to any particular Defendant. It also sets out no allegations as to most of the named Defendants. The only exception is that the Complaint alleges that, on a single occasion, Plaintiff asked Defendants McDougle, Holly, Saint, and McQuig to let him out of his cell to make a telephone call to an unidentified Clerk of Court, but they did not do so until after 5:20 p.m. Plaintiff contends that this violates his right of access to the courts. In order to state such a claim, he would need to allege facts demonstrating that Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous claims. See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v.

Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004). The Complaint contains no such facts. Therefore, the true basis of even this claim is not clear from the Complaint. Plaintiff must connect all allegations he seeks to raise to particular persons named as Defendants and clearly set out all of the facts supporting his claims.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 21st day of July, 2021.

                                                 /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                       **United States Magistrate Judge**